Good morning your honors. Good morning. May it please the court. My name is John Lynn Martinez and I represent the appellants in this case, Mr. Gallagher and Eddy County. This case is about Eddy County's attempts to return to normal following the lifting of social distancing restrictions in the state of New Mexico. On or about April 9th of 2020, Eddy County created a public comment form that was made available before each commission meeting through a link on the commission's web page. And the purpose of this was because of the state of New Mexico's social distancing restrictions. In January of 2025, defendant Gallagher became the Eddy County manager. He determined that because the health orders related to social distancing under COVID had been rescinded, the online public comment form was no longer needed. Therefore, on February 7th, 2025, he directed his staff to remove the public comment form from the county's website. That same day, Andrew Medrano, the county's IT department employee, removed the form and the link from the county commission's web page. This litigation has resulted from the IT department's failure to properly implement the directive given by defendant Gallagher on February 7th, 2025. Eighteen days after Mr. Gallagher's decision to end the use of the public comment forms, the plaintiff accessed the public comment form through an old social media link and was able to submit a public comment to be read at the next meeting, which was scheduled for March 4th, 2025. And he received confirmation that it would be read, right? Yes, Your Honor. In fact, that was an automatic response that was generated for every comment submitted, so it was auto-generated. It wasn't generated by anybody with knowledge or information. It was an auto-generated response. The following day, Mr. Medrano, having learned that someone was able to find the link, completely removed the public comment form from the county's website. The defendants submit that plaintiff was aware that the link had been removed as of March 3rd. And in his complaint and in response to the defendant's motion for summary judgment, he acknowledges that he reattempted to submit his comments, noticed that the link had been disabled, and was aware that the county was not accepting links as of the day prior to this scheduled meeting. On March 4th, 2025, the commission held a scheduled meeting but did not read the plaintiff's comment. And in fact, the last public comment read at a county commission meeting was submitted on February 5th, 2025, two days before the county manager determined that these comment forms would no longer be used. And it was read at the commission meeting held on February 18th, 2025. And these are facts as determined by the district court. The defendants believe that the court improperly decided the qualified immunity issue as brought by Defendant Gallagher because the court found that the right was clearly established at the time of the challenge conduct. So we have a pending motion to dismiss this appeal for lack of jurisdiction. And in your response, you say that you're not challenging the facts, you're challenging just the clearly established law prong. Is that correct?  Okay, so going into the clearly established law prong, we are taking the facts as found by the district court, right? That's correct, Your Honor. Is one of those facts that the board meeting was a limited public forum? That was a conclusion of law that the court made, Your Honor, when she did the analysis on the first prong of the qualified immunity analysis. She made a finding that the forum was a limited public forum, which simply requires reasonable scrutiny of the defendant's actions. But as to the second prong of the qualified immunity analysis, the cases cited by the court were all cases or determined by the court to place the issue beyond debate were all cases in which the plaintiff was not permitted to speak at all. And in this case, the plaintiff was permitted to come to the commission meeting and make any statements he wanted in public, which was the county's efforts to return back to normal operation. So we no longer accept public comments online, but you are permitted now that social distancing restrictions are lifted to come to the commission meeting in person and make those statements. So in all the cases cited by both the plaintiff and the court, the plaintiffs were not permitted to speak at all. In this case, we would no longer accept public comments online, but anyone can come to the commission meeting and make their public comments at the beginning of each commission meeting. Sorry, Judge McHugh. Go ahead. Here the district court held that a reasonable jury could find that the board allowed members of the public to submit comments electronically even after February 7, 2025, but that Mr. Gallagher declined to read Mr. Sanchez's comment at the board meeting because of the viewpoint he expressed. Don't you have to accept that in terms of arguing your clearly established wrong? I don't believe that was one of the facts that she found, Your Honor. I mean... In looking at the court's facts... It's on... I think that's a quote from the district court's decision. Your Honor, I believe what the court found was that there was a dispute as to whether or not a reasonable jury could infer that there was viewpoint discrimination based on... Right, and because it's a genuinely disputed material fact, what the district court said is a reasonable jury could find for the plaintiff on that. Correct, Your Honor. So don't you... My question to you is, don't we start from there in looking at the clearly established wrong? I don't believe so, Your Honor, because I think we have to look at the law as it was when Defendant Gallagher was making his determination. Well, I'm not looking at the law. I'm looking at the material issue of disputed fact that the district court identified and said a reasonable jury could find. That's step one. Don't you have to take that into your analysis under step two, clearly established, and tell me that it wasn't clearly established, that you can't restrict viewpoint at the public meeting? Well, Your Honor, I think that the court needs to focus on whether or not the law was clearly established at the time my client made his decision. And that does not include... First of all, the cases that the court cites, again, prohibit a plaintiff from speaking. In this case, the plaintiff could speak. And the court does find that although the plaintiff was able to submit his request, the court in her findings of fact notes that the link was removed from the website and was also removed from the Facebook link. All of this seems to go to a factual question, which is what Mr. Gallagher's motive was. If there's a disputed issue, if it's a jury question on whether he acted with an improper motive, and we go into the clearly established law analysis with that understanding that he may have acted with an improper motive, why isn't the law clearly established? Why isn't there a First Amendment right to be free from viewpoint discrimination in this meeting? So there was no viewpoint discrimination. There was no comment read following the decision of February 7th, 2025. The district courts found a jury question on why the comment wasn't read. That the comment wasn't read, that the inference that she thought the jury could draw from the fact was that it wasn't read because of viewpoint discrimination. And we have to assume that that is, that those are the four corners of the facts in the case. We don't have jurisdiction to revisit them. And the question, only question before us is whether, so understood, the law is clearly established to support that constitutional violation. Well, Your Honor, I believe that this case, this court's holdings in both a state versus, a state of Val Verde versus Dodge and Medina versus Krem. Evidence, even when the district court concludes that issues of material fact exist, this court has reviewed the legal question of whether a defendant's conduct as alleged violates clearly established law. And the court's finding that a reasonable jury could conclude that there was viewpoint discrimination, I believe is really a finding of, is really a legal determination. And that's consistent with Medina versus Krem, in which the court found that there were no disputes of fact, but the court ultimately found that the reasonableness of the officer's actions may have violated the law. What if the jury did find viewpoint discrimination, then where would you be? If the jury found that there was viewpoint discrimination in making the determination not to read? Well, Your Honor, if the jury found that there was viewpoint discrimination and not, then I suppose then it would fall under the case law that the court cited because viewpoint discrimination is a violation of the First Amendment. So that would be the end of the prong to discussion. It would be the end of the prong to discussion, Your Honor. However, what my client needs to look at when he's making his decision is whether the case is cited by the court or whether there was clearly established law. And I think that… Well, Mesa versus White makes it clearly established, right? Well, Your Honor, I think that that's an excellent point. Mesa versus White found that, number one, in the first prong there was protected speech, and the court in this case found that there was protected speech. So we concur that what Mr. Sanchez wanted to say would be protected speech. But two, the court found that this was a limited public forum, so reasonableness applies. And the content-neutral time, place, manner restrictions are permissible if they're narrowly drawn to achieve a significant governmental interest. In this case, the governmental interest was to return to normal operation. And the third prong… The district court found, and you say they didn't. I'm going to read you from the district court's decision. Viewing the evidence and drawing reasonable inferences in plaintiff's favor, a reasonable jury could conclude that Gallagher refused to read plaintiff's comment at the March 4, 2025 board meeting because of, and she's underlined, because of, the viewpoints expressed therein. Stated differently, a reasonable jury could conclude that Gallagher's viewpoint-neutral explanation, the COVID restrictions, for not reading plaintiff's comment at the March 4, 2025 board meeting is pretext for viewpoint discrimination. Those aren't legal conclusions. Those are the district court's assessment of what a reasonable jury could find under the facts that were presented. If the jury found those facts, the law is clearly established, right? If the jury would… Well, Your Honor, I think if the notice that my client had, based on the clearly established law, is that if he didn't… If Mr. Sanchez had the ability to come and speak, which he did, we didn't preclude him from speaking. We just precluded any submission of online public comment. But do you agree that the board meeting is a limited public forum? Yes.  And we also, based on MESA, if they allow communication through other channels, which is the holding in MESA and which is also the holding in SHRO, then there's no violation of the law. And in this case, we did allow for comments. They were simply in person. But he was told his statement would be read, so there was no reason for him to show up. Now, you say that was an automatic notice he got, but he doesn't know that. He gets a notice saying your comments will be read. Well, as is contained in the course record under finding of fact, the day prior to the commission meeting, he had noticed that they were no longer accepting public comments. So he was aware prior to the meeting that public comments would no longer be accepted. But his had already been accepted. Well, his had already been submitted and automatically accepted. But the decision not to read public comments was made 18 days before he ever submitted a public comment. And the district court said a reasonable jury could find that the reason they did not read his was viewpoint discrimination. And the other arguments made for why it wasn't read, a reasonable jury could conclude, fine, were pretextual. And, Your Honor, the cases cited by both the court and the plaintiff stand for the proposition that neutral restrictions are permissible, provided they have other avenues of communication. And he complied with the law as it existed. And I reserve my 13 seconds, Your Honor. Thank you. Good morning, everybody. So we have two minutes left for morning. Ben Gubernick appearing for Plaintiff Appellee, Jason Sanchez. May I please court? OK, just a few things here. Maybe just as a starting point, my opponent said that the standard here is one of reasonableness. That's not true. This is viewpoint discrimination. That is subject. That is an egregious form of content discrimination as the Supreme Court in this court repeatedly held. And it is subject to a standard above strict scrutiny. I don't even, I buy. Well, doesn't it depend on the forum? I mean, so I think that your friend on the other side has agreed that this is a, or should be understood as a limited public forum. Do you agree with that? I do agree. And so the cases that understand what sorts of levels of scrutiny apply would be the limited public forum cases? Those would be, exactly, because it's viewpoint discrimination. No one's saying, and this was actually something that this court stated in Mesa v. White. No one's saying the county commission has to read public comments or has to let people present public comments or anything like that. The court says, hey, look, they don't have to do it, but they've decided to do it. They've opened this place for public comments that meet certain reasonable time, place, and manner restrictions. Once you do that, things that clear those thresholds, you can't decide not to read them because you don't agree with their viewpoint. And that is the thing that triggers above strict scrutiny, essentially impossible to clear, would put any reasonable official on notice that they're violating someone's rights. I mean, there's no Jason Sanchez exception to the First Amendment. No reasonable person anywhere would think there is. There's no complicated. The court mentioned earlier Fourth Amendment cases that are often somewhat fact-bound, and at least you can put yourself in the mind of the officer and see how reasonable minds maybe, possibly, somehow could disagree on the constitutionality. That's not present here. This is viewpoint discrimination. It is a hard and fast rule because that's what it is. Well, I think where I'm struggling a little bit is being mindful of how we have to not be too general when we're looking at clearly established law and define it not at too high a level of generality. The district court here said that it really doesn't matter what kind of forum we have. We have some unclear law that appears in our circuit about whether a board meeting is a limited public forum or a designated public forum, and she says it doesn't matter because viewpoint discrimination violates the First Amendment in any forum. That feels not wrong, exactly, but is it precise enough for us to be able to then say the law here is clearly established if we don't have a case, or do we have a case that says in a limited board meeting is a limited public forum, number one. Number two, in that kind of a forum, doing the sort of thing that happened here, which is not reading because of, not allowing speech because of viewpoint discrimination equals First Amendment violation. What would be the case? Let me see. The court cited several cases from the Supreme Court that just said generally viewpoint discrimination is an egregious form of content-based discrimination. There's no limiter on that because the principle doesn't have any limits to it. This is what I was saying. I can't find one case anywhere in the country where a federal court has said viewpoint discrimination in this specific type of forum is permissible. This wasn't government speech. This wasn't anything where an exception to that could even possibly, because there is no exception to it. It is a hard and fast rule. And then this case comes down to what's going on in Gallagher's brain. And everyone acknowledges he had this comment. He decided not to read it. He said, I didn't think it was appropriate. Okay, well, why doesn't he think it's appropriate? If you accept, as plaintiff alleged and as the district court said a reasonable jury can infer, he decided it wasn't appropriate because it was critical of any county law enforcement, and you don't want people to hear that. That is a violation of Jason Sanchez's constitutional rights. There's just no way to get around that. To the extent this court has not previously said that viewpoint discrimination in any forum is unconstitutional, absent clearing this higher than strict scrutiny standard, I would invite the court to evade that holding now. I believe other circuits certainly have, and I think that's consistent with Supreme Court precedent. If you phrase the question as, we were allowed to discriminate against Jason Sanchez based on his viewpoint because X, and you try to think of anything that you can substitute X with that would pass constitutional muster, there's nothing. So what are the cases that, if we're writing this in your favor, are we citing to say the law is clearly established? Yeah, I don't think the court really has to go much further than just Mesa v. White on that, because that deals with county commission setting even. I mean, there's not – the only thing that the defense can argue here would be, yeah, that the – well, actually they don't argue, and they still, even today, have not contested the court's finding that this was a limited public forum. Because at Mesa it was not litigated, it was stipulated. Does that matter? Does that make a difference? It seems it's the same here. It's the same here, and the appellant concedes the fact. No one's challenging that. Their only argument is that the contours of the right were not sufficiently established because we didn't do it. That is a factual disagreement. Well, they also argue that we have to look at it at the granularity of whether the law had to be clearly established that in repealing a COVID area rule, you could deny someone a right to submit a written comment. I mean, that's an argument they make. It's there, and I mean, I think that that is most of their brief is based on that. The problem is it's a total red herring. What it boils down to saying is, well, we had a viewpoint neutral or content neutral, whatever terminology you want to use, reason for not reading this thing. Therefore, the law is not clearly established. That's the we didn't do it defense. The trial court found that that's just – that could – a reasonable jury – we're not saying that a jury's going to do this, but a reasonable jury could find that that's pretext. That now the only reason – the causal connection was between viewpoint that this comment expressed. That's why you didn't read it. Isn't that sort of the theme of your motion to dismiss? I mean, that if we're – if we redefine the constitutional right at issue by fighting the facts, then we don't even get to clearly establish? Well, yeah. I mean, that's exactly right. The only instance where this court is permitted to – on interlocutory appeal is sort of Monday morning quarterback the district court's factual inferences to be if they're blatantly contradicted by the record. And none of these are. The court – the order is exhausted. It explains the inferences that the judge is drawing. It explains why she's drawing them. Most of them are, like, strikingly similar to the set of inferences that supported remand in Mesa v. White. I mean, there just isn't much to work with here. Right. So, yeah. I mean, the only thing we have left, then, if there's no forum and there's no ability to contest the facts here or the factual inferences here, is was it clearly established? Which we do have jurisdiction over, right? Absolutely. The court – the one question the court has jurisdiction over was is it clearly established that in a limited public forum viewpoint-based discrimination is constitutionally impermissible? That's the sole question. I think the reason we filed a motion to dismiss is that's not a question they raise in their appeal. Their appeal is based solely on is there some sort of general abstract right to submitting comments online. It makes no difference whether Mr. Sanchez's comment was mailed, submitted using online form, hand-delivered, passenger pigeon. It doesn't matter. The only thing that matters here is Gallagher has a comment in front of him. He's trying to decide whether or not to read it and decides, I'm going to pass on this one. And they say, hey, that had nothing to do with the viewpoint expressed. He would have done that regardless of what was in there. But a reasonable jury could find that, no, you were looking for or decided afterwards to try to come up with an explanation for why you decided this comment was unworthy of being read at the meeting and that was viewpoint. So unless the court has any other questions, I'm happy to rest on the brief. Thank you, counsel. Well, again, the defendants believe that the law was not clearly established as to this issue, and Mesa v. White is the perfect case. The restrictions placed on Mr. Sanchez were content neutral, and he was given another way in which to make his comments. That's what the law said. That's what was followed at the time the decision was made. And therefore, we believe that the law was not clearly established at the time. The cases cited by both the plaintiff and the court don't support the findings, and we believe that reversal is appropriate. Thank you, counsel. Thank you. The case is submitted. Counsel are excused.